UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOSEPH NOLL,

                            Plaintiff,                    MEMORANDUM
                                                      AND ORDER

   -against-

                                                         07 CV 1908 (RML)

AVIS BUDGET GROUP LLC, incorrectly named as
BUDGET RENT A CAR SYSTEM, INC., and
JENNIFER RODRIGUEZ,

                            Defendants.
----------------------------------------------------------------X

LEVY, United States Magistrate Judge:

        Defendants Avis Budget Group, LLC ("Avis") and Jennifer Rodriguez ("Rodriguez") (collectively, "defendants") move for summary judgment pursuant to Federal Rule of Civil Procedure 56 on the ground that plaintiff Joseph Noll ("plaintiff") did not sustain a "serious injury" within the definition of New York Insurance Law § 5102(d). Additionally, Avis moves for summary judgment claiming it is not liable based on 49 U.S.C. § 30106. By stipulation dated June 19, 2007, the parties consented to have this case referred to a Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, Avis's motion is granted and defendants' motion is denied with respect to the question of "serious injury."

## BACKGROUND AND PROCEDURAL HISTORY

        This matter arises out of a motor vehicle accident that occurred on April 5, 2005 (the "Accident"). (Defendants' Statement of Material Facts, dated Jan. 31, 2008 ("Defs.' Statement"), ¶ 1.) The facts of the Accident are undisputed. (Memorandum of Law in Support of Defendants' Motion for Summary Judgment, dated Jan. 31, 2008 ("Defs.' Mem."), 3.) Plaintiff was lawfully driving on the service road adjacent to Woodside Boulevard in Queens,

New York. (Defs.' Mem. 3.) Rodriguez, driving a rented vehicle owned by Avis, made an unlawful right turn and struck plaintiff's vehicle. (Defs.' Statement ¶ 2; Defs.' Mem. 3.) Plaintiff claims that the impact caused his head to "snap[ ]" and "hit the interior of the vehicle." (Deposition of Joseph Noll, dated Jan. 4, 2008 ("Noll Dep."), 36:5-10.) Plaintiff immediately felt pain, but refused assistance from an ambulance at the scene. (Defs.' Mem. 4; Affirmation of Erik L. Gray, Esq., sworn to Feb. 29, 2008 ("Gray Aff."), ¶¶ 11, 12.)

Plaintiff claims the following injuries as a result of the accident: a posterior herniated disc at L5-S1; bulging discs at C3-C4, C4-C5, C5-C6, and C6-C7; radiculopathy; and lumbar and cervical sprain and strain. (Gray Aff. ¶ 5.) Plaintiff's vehicle also sustained an estimated $13,000 to $14,000 in damages. (Gray Aff. ¶ 9.) Plaintiff does not allege that he missed work or lost earnings as a result of the injury. (Defs.' Mem. 4.)

Since the Accident, plaintiff has not re-injured his back. (Noll Dep. 46:5-10.) However, he states that he continues to experience sharp and constant pain in his neck and lower back and has difficulty bending, turning his head, picking up objects, sitting for work, and walking long distances. (Noll Dep. 121:16-129:10.) Plaintiff's doctor has recommended regular use of TENS units[1] and cold packs to reduce pain. (Gray Affirm. ¶¶ 33, 34.)

Plaintiff filed this action in the Supreme Court of the State of New York on March 30, 2007 against Rodriguez, as the driver of the vehicle, and against Avis, as owner or lessee of the motor vehicle, alleging that Rodriguez negligently injured him when making an unlawful right turn. (Verified Complaint, dated Mar. 29, 2007 ("Compl."), ¶¶ 6-14.) Plaintiff

---

[1] A transcutaneous electrical nerve stimulation (TENS) unit "sends electrical impulses to certain body parts to block pain signals." (Affidavit of Dr. David Fuggetta, sworn to Feb. 25, 2008, ¶ 25.)

2

seeks monetary damages for the alleged personal injuries he sustained as a result of the collision. (Compl. ¶¶ 11, 15.) On May 9, 2007, defendants removed this action to federal court based on diversity jurisdiction. (Notice for Removal, dated May 8, 2007, ¶¶ 1-10.)

Because the facts of the accident are undisputed, I granted plaintiff's unopposed summary judgement motion against Rodriguez as to liability on December 3, 2007. (See Order, dated Dec. 3, 2007.) The sole remaining issue before the court is plaintiff's claim for non-economic damages. Defendants now move for summary judgment, contending that plaintiff's injuries do not rise to the level of a "serious injury" under New York Insurance Law § 5102(d). (Defs.' Mem. 7-8.) Avis also moves for summary judgment pursuant to 49 U.S.C. § 30106, which exempts non-negligent car rental companies from liability for harm caused by renters. 49 U.S.C. § 30106.

## DISCUSSION

### A. Legal Standard for Summary Judgment

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding a summary judgment motion, the court must view the evidence in the light most favorable to the nonmoving party and determine only whether there is a genuine factual issue to be tried. Eastman Mach. Co. v. United States, 841 F.2d 469, 473 (2d Cir. 1988). The party seeking summary judgment bears the burden of establishing that no genuine factual dispute exists. Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 36 (2d Cir. 1994). Once the moving party has met its burden, "the nonmoving party must come forward with specific facts showing

that there is a genuine issue for trial." Persaud v. URS Midwest, Inc., No. 06 CV 3119, 2007 WL 4556908, at *3 (E.D.N.Y. Dec. 21, 2007) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation marks & citation omitted)).

### B. The Graves Amendment

Avis argues that it is not liable for plaintiff's injuries based on the Graves Amendment to the Federal Transportation Equity Act, which states that "[a]n owner of a motor vehicle that rents or leases the vehicle . . . shall not be liable under the law of any State . . . by reason of being the owner of the vehicle."[2] 49 U.S.C. § 30106. (Defs.' Mem. 5.) Plaintiff is suing Avis only because it is the owner and lessee of the vehicle. (Compl. ¶¶ 6, 7.) Accordingly, Avis's motion for summary judgment is granted.[3] See Flagler v. Budget Rent A Car System, Inc., 538 F. Supp. 2d 557, 560 (E.D.N.Y. 2008) (dismissing plaintiff's claims against rental company "[b]ecause Congress has, through the Graves Amendment, constitutionally preempted state laws imposing vicarious liability on rental-car companies"); Berkan v. Penske Truck Leasing Canada, Inc., 535 F. Supp. 2d 341, 346 (W.D.N.Y. 2008) (finding plaintiffs' claims against rental company, as owner of the vehicle, barred by operation of the Graves Amendment).

---

[2] Plaintiff originally submitted opposition papers challenging the constitutionality of § 30106, but has since withdrawn that argument. (Letter of Erik L. Gray, Esq., dated Mar. 19, 2008.)

[3] The Graves Amendment took effect on August 10, 2005. It specifies that, "this section shall apply with respect to any action commenced on or after the date of enactment of this section without regard to whether the harm that is the subject of the action, or the conduct that caused the harm, occurred before such date of enactment ." 49 U.S.C. § 30106(c). Here, although the Accident took place on April 5, 2005, prior to the effective date of the Amendment, plaintiff commenced this action in March 2007. The Amendment therefore applies.

4

### C. Serious Injury

Under New York law, a claimant cannot sue for non-economic loss "except in the case of a serious injury." N.Y. Ins. Law § 5104(a). Plaintiff claims that the Accident caused him to suffer from two defined "serious injuries" recognized under the statute: "permanent consequential limitation of use of a body organ or member" and "significant limitation of use of a body function or system." (Memorandum of Law in Opposition of Defendants' Motion for Summary Judgment, dated Feb. 29, 2008, ¶ 58 (quoting N.Y. Ins. Law § 5102(d)).) In this case, defendant must first establish a prima facie case demonstrating that plaintiff did not sustain a "serious injury." See Negrete v. Hernandez, 768 N.Y.S.2d 231, 232 (2d Dep't 2003). If successful, the burden then shifts to plaintiff to establish a prima facie case that the injury qualifies as serious. Id. Each party must submit "competent and admissible medical evidence based on objective medical findings and diagnostic tests to support [its] claim." Tarnopolsky v. Sanchez, No. 01 CV 5020, 2002 WL 31409927, at *3 (E.D.N.Y. Sept. 27, 2002) (citation omitted).

**1) Defendant's Prima Facie Case**

A prima facie case is frequently established when sworn affidavits or affirmations from numerous physicians opine that the opposing party did not sustain a "serious injury." See Stein v. Bentor, No. 03 CV 5488, 2005 WL 2244831, at *5 (Sept. 15, 2005) (holding that defendant established initial summary judgment burden by submitting two sworn medical expert opinions stating that plaintiff did not sustain a "serious injury" and by raising question regarding causation); see also Persaud, 2007 WL 4556908, at *5-6 (holding that defendant met initial summary judgment burden by submitting two sworn reports from medical doctors stating that

5

plaintiff's injuries did not rise to the level of "serious injury").

In support of her motion, the defendant submits the sworn statements of Dr. Edward Toriello, an orthopedist, and Dr. Stephen Lastig, a radiologist. (Letter of Dr. Edward Toriello, dated Jan. 23, 2008 ("Dr. Toriello Letter"), attached as Ex. H to Defs.' Statement; Letter of Dr. Stephen Lastig, dated Sept. 25, 2007 ("Dr. Lastig Letter"), attached as Ex. G to Defs.' Statement.) On January 23, 2008, Dr. Toriello conducted a physical examination of plaintiff's back, comparing plaintiff's range of motion to a normal range of motion, and found "no objective evidence of an ongoing orthopedic disability." (Dr. Toriello Letter 1-3.) Dr. Toriello noted that plaintiff expressed pain in his back when the test reached the 25% limitation in plaintiff's cervical spine and approximately the 22% limitation in plaintiff's lumbosacral spine. (Dr. Toriello Letter 3.) However, Dr. Toriello opines that the "decrease[d] range of motion is a subjective finding," and thus finds no objective medical evidence of plaintiff's injuries. (Dr. Toriello Letter 3.) Dr. Stephen Lastig reviewed MRIs of plaintiff's spine and found only minor abnormalities, which he believes were caused by degeneration and not the Accident. (Dr. Lastig Letter 2-3.) The combined medical evidence establishes a prima facie case that plaintiff does not suffer from a "serious injury" within the meaning of § 5102(d).

**2) Plaintiff's Prima Facie Case**

After defendants establish their prima facie case, the burden shifts to plaintiff to establish that he suffers from a "serious injury." See Negrete, 768 N.Y.S.2d at 232. Plaintiff must provide evidence "that the accident in question is the proximate cause of the injury complained of." Keller v. Gleeson, 02 CV 2297, 2004 WL 1373164, at *2 (E.D.N.Y. June 16, 2004). Additionally, to support plaintiff's "serious injury" claims, he must "submit quantitative

evidence from an expert with respect to diminished range of motion or an expert's qualitative assessment, based on objective evidence," Stein, 2005 WL 2244831, at *9, or demonstrate his extent of physical limitation through "'an expert's designation of a numeric percentage of a plaintiff's loss of range of motion.'" Bewry v. Colonial Freight Sys., No. 01 Civ. 5634, 2002 WL 31834434, at *3 (S.D.N.Y. Dec. 17, 2002) (quoting Toure v. Avis Rent A Car Sys., Inc., 774 N.E.2d 1197, 1200 (N.Y. 2002)). Although there is no statutory definition of "serious injury" with respect to reduction in back movement, courts have 'generally found that a [back movement] limitation of twenty percent or more is significant for summary judgment purposes.'" Carter v. Atl. Greyhound Lines of Va., Inc., No. 02 CV 0393, 2005 WL 1692639, at *6 (E.D.N.Y. July 5, 2005) (citing Hodder v. United States, 328 F. Supp. 2d 355, 356 (E.D.N.Y. 2004)).

Plaintiff submits objective and admissible evidence from four physicians to support his claim that the Accident caused "serious injury." (Gray Aff. ¶¶ 23-53.) First, Dr. David Fuggetta, a chiropractor who treated plaintiff on 119 occasions, performed several objective tests to assess plaintiff's back injuries. (Affidavit of Dr. David Fuggetta, dated Feb. 25, 2008 ("Dr. Fuggetta Aff."), ¶¶ 6-38, attached as Ex. A to the Gray Aff.) Although Dr. Fuggetta noted that plaintiff's range of motion has improved since 2005, his February 1, 2008 examination of plaintiff showed, among other restrictions, a 25% limitation of back movement in plaintiff's cervical left rotation and an approximately 18% limitation in his right rotation. (Dr. Fuggetta Aff. ¶¶ 30, 34-39.) Second, Dr. James M. Liguori, a neurologist, conducted "a complete physical examination of [p]laintiff, which consisted of testing his muscles, ligaments, tendons, and other bodily tissues for objective signs of injury." (Affirmation of Dr. James M.

7

Liguori, dated Feb. 21, 2008 ("Dr. Liguori Aff."), ¶ 17, attached as Ex. B to the Gray Aff.) Based on this examination and upon reviewing plaintiff's MRIs, Dr. Liguori diagnosed plaintiff with "cervical and lumbar radiculopathy" and opines that plaintiff's chance of full recovery is "guarded, and that his injuries, unfortunately, may worsen with time." (Dr. Liguori Affirm. ¶¶ 21, 27.) Third, Dr. Gideon Hedrych, a trauma specialist, conducted a series of objective tests on plaintiff's back and diagnosed plaintiff with a limited range of motion between 10-100%, as well as bulging and herniated discs. (Letter of Dr. Gideon Hedrych, dated Aug. 13, 2007 ("Dr. Hedrych Letter"), 2, 4, attached as Ex. F to Plaintiff's Original Exhibits, dated Mar. 3, 2008.) Finally, Dr. Steven Brownstein, a board-certified radiologist, viewed plaintiff's MRI films, and opines that they reveal bulging cervical spine discs and a herniated disc at L5-S1. (Affirmation of Dr. Steven Brownstein, dated Feb. 4, 2008 ("Dr. Brownstein Aff."), ¶¶ 3-5, attached as Ex. C to the Gray Aff.) All of plaintiff's doctors further opine that plaintiff's injuries were caused by the Accident. (Dr. Fuggetta Aff. ¶¶ 40, 43, 45; Dr. Liguori Aff. ¶ 25; Dr. Brownstein Aff. ¶ 6; Dr. Hedrych Letter 4.)

In short, plaintiff has submitted sworn statements from numerous doctors whose findings consistently support plaintiff's claimed physical limitations. Those findings, in turn, are supported by objective and quantifiable assessments of plaintiff's physical condition. The totality of this evidence, viewed in the light most favorable to plaintiff, raises a genuine issue of material fact as to whether plaintiff's injuries constitute a "serious injury" under § 5102(d). Accordingly, I find that plaintiff has met his burden. See Piper v. Henderson, No. 07-CV-263, 2008 WL 3200204, at *2 (E.D.N.Y. July 10, 2008) (denying defendants summary judgment on issue of "serious injury" where plaintiff's doctors, using objective criteria and a variety of

8

verifiable diagnostic tools, found that plaintiff suffered from a diminished range of motion); Ahmed v. H E Transport, Inc., No. 06 CV 2938, 2008 WL 520244, at *11 (E.D.N.Y. Feb. 26, 2008) (denying defendant's motion for summary judgment where plaintiff's claim of serious injury was supported by objective medical evidence); Flanagan v. Hoeg, 624 N.Y.S.2d 853, 853-54 (2d Dep't 1995) (holding that conflicting medical reports "establish a question of fact regarding whether the injured plaintiff suffers from a bulging or herniated disc and whether the plaintiff's limited range of motion of the lumbar spine constitutes a serious injury"). Defendant's motion is therefore denied.

## CONCLUSION

For the reasons stated above, defendant Avis's motion for summary judgment is granted and defendant Rodriguez's summary judgment motion is denied. The remaining parties are directed to appear before me for a settlement conference on October 17, 2008 at 3:00 p.m.

SO ORDERED.

Dated: Brooklyn, New York
September 17, 2008

_____/s/_____
ROBERT M. LEVY
United States Magistrate Judge